Neel, J.
Plaintiffs allege sexual misconduct by a treating physician, William F. Clarke, M.D., now deceased. In addition to suing his estate, they have sued, inter alia, North Adams Regional Hospital, Inc. (“NARH”), where Clark was a member of the medical staff; Dr. Michael Gerrity, who was allegedly informed of the misconduct; and Patrick L. Muldoon, president of NARH, whom Gerrity allegedly told of the misconduct. Plaintiffs claim that Gerrity, Muldoon and NARH initiated and participated in peer review proceedings as a result of Patricia B’s complaint, but failed to carry out the peer review properly. Plaintiffs claim that this failure caused harm to the other two plaintiffs, who allege that they were subsequently abused by Clarke.
Plaintiffs seek a variety of records and information pertaining to the peer review committee (“PRC”) proceedings convened by defendants. Defendants assert that such materials are privileged under G.L.c. Ill Sec. 204. Plaintiffs have moved to compel production. After hearing, the Court allows plaintiffs’ motions in part, in accordance with the procedure set forth below.
DISCUSSION
G.L.c. Ill Sec. 204(a) provides that, “(e)xcept as otherwise provided in this section," the proceedings, reports and records of a medical peer review committee “shall be confidential and shall not be subject to subpoena or discovery, in any judicial. . . proceeding . . . ;” and “no person who was in attendance at a meeting of a medical peer review committee shall be permitted or required to testify ... as to the proceedings of such committee or as to any findings, recommendations, evaluation, opinions, deliberations or other actions of such committee or any members thereof.”
The relevant exceptions to confidentiality of documents are set out in subsection (b):
1. Documents, incident reports or records otherwise available from original sources shall not be immune from subpoena, discovery or use in any such judicial . . . proceeding merely because they were presented to such committee . . .
2. “[PJroceedings, reports, findings and records” of a PRC “(shall not] be immune from subpoena, discovery or use as evidence in any proceeding against a member of such committee to establish a cause of action pursuant to [G.L.c. 231 Sec. 85N) "[2]
The relevant exceptions to confidentiality of testimony are set out in subsection (c):
1. A person who testifies before such committee or who is a member of such committee shall not be prevented from testifying as to matters known to *460 such person independent of the committee’s proceedings, provided that. . .
(a) . . . except in a proceeding against a witness to establish a cause of action pursuant to [G.L.c. 231 Sec 85N], neither the witness nor members of the committee may be questioned regarding the witness’s testimony before such committee . . .
(b) . . . committee members may not be questioned in any proceeding about the identity of any person furnishing information or opinions to the committee, opinions formed by them as a result of such committee proceedings, or about the deliberations of such committee.
A. “Documents . . . otherwise available from original sources ...”
Section 204 has been cited in only a few reported cases, none of which are similar to the present case. The statute clearly excludes from its protection documents which were not generated by a PRC, but rather were presented to the PRC from other sources and are “otherwise available” from such original sources. Sec. 204(b). Less clear is whether the legislature, by this exclusion, intended to indicate that production of such documents may be compelled from the original source, but not from the PRC.
The Court concludes that production may be compelled from either source. The statute extends its protection only to “proceedings, reports and records of’ a PRC, G.L.c. Ill Sec. 204(a), and appears to distinguish from such records the “documents, incident reports or records otherwise available from original sources” referred to in the first sentence of Sec. 204(b). Moreover, the conjunction which begins the second sentence of Sec. 204(b)[3] implies that certain internally generated records in a PRC’s custody pertinent to a claim under c. 231 Sec. 85N, like externally generated records in its custody, are not immune from discovery.
It might be argued that the “otherwise available" language of Sec. 204(b) requires that a party seek those records from the other “available” source, not from the PRC. Of course, plaintiffs would have no way of knowing what those records were unless the PRC identified them sufficiently to allow plaintiffs to find and subpoena the various originators of such documents. That seems a needlessly cumbersome and wasteful requirement, which the Court concludes was not contemplated by the legislature. Moreover, where the documents sought originated from outside the PRC but are no longer “otherwise available" (e.g., the PRC has the original and no copies exist), the legislature cannot have intended that such records gain protection solely because they were submitted to the PRC; such a result is precisely what the first sentence of Sec. 204(b) seeks to avoid.[4] Thus, the Court construes “otherwise available" to refer to the originator of the record sought, not the party from whom it must be obtained.
B. “Proceedings, reports, findings and records” of a PRC
Even documents generated by a PRC in the form of “[pjroceedings, reports, findings and records” may be discovered in any proceeding against a member of a PRC to establish a cause of action under G.L.c. 231 Sec. 85N.[5] Sec. 204(b). Defendants contend that plaintiffs’ claims arise not under c. 231 Sec. 85N, but instead under c. Ill Sec. 203, which was enacted together with Sec. 204, and later than c. 231 Sec 85N. Because Sec. 204 does not except from its protection information sought in an action under Sec. 203, defendants argue that the protection afforded the discovery sought by plaintiffs is absolute.
The Court does not accept either defendants’ premise that c. 231 Sec. 85N pertains only to credentials cases, or their premise that plaintiffs may proceed under either that statute or c. Ill Sec. 203, but not both. Contrary to defendants’ argument, the “good faith" and “reasonable belief’ defenses in the two statutes are substantially similar, supporting the conclusion that cases brought under c. 111 Sec. 203 may be a subset of cases brought under c. 231 Sec. 85N. Moreover, the “absolute prohibition” against discovery of PRC opinions and deliberations, enunciated in Birbiglia, protects against disclosure which might chill those deliberations. In view of that protection, defendants offer no persuasive justification for reading these statutes so as to allow physicians, but not patients, to discover information which PRC members acquire independently of PRC deliberations. See, e.g., Birbiglia, supra at n. 4.
ORDER
For the reasons stated above, plaintiffs’ motions to compel are ALLOWED IN PART, and it is further ORDERED:
1. Requested PRC records and information, whether originating within or without the PRC, shall be discoverable only as to the period beginning on the date of the first report of Patricia B’s complaint to Gerrity, and ending on November 3, 1991, the date of the incident concerning Martha C.
2. Any such record or information specifically relating (a) to alleged sexual misconduct by Clarke with plaintiffs or others; (b) to Clarke’s treatment of such patients; or (c) to action considered, proposed or taken against Clarke as a result of such misconduct, shall be produced, unless defendants deem it to be privileged in light of the foregoing discussion.
3. Documents or information relating to alleged misconduct of or treatment by NARH physicians other than Clarke shall not be discoverable.
4. Documents which are called for by plaintiffs’ document requests, which are otherwise discoverable under this Order, and which constitute “documents, incident reports or records otherwise available from original sources," shall be produced, after the identity *461 of “any person furnishing information or opinions to the committee,” and not consenting to such identification, has been redacted.
5. “Proceedings, reports, findings and records” of the PRC which are otherwise discoverable under this Order shall be produced to the extent that they do not contain information the discovery of which is “absolutely prohibited” under Birbiglia (see fn. 5 supra).
6. Any document, or portion thereof, which is discoverable in accordance with paragraphs 1 and 2 above, but which defendants deem protected under c. Ill Sec. 204 as interpreted in accordance with this Memorandum, shall be identified in a list specifying (i) its customary name or general description and identifying number, if any; (ii) its date; (iii) its author(s); (iv) its addressee(s) and recipient(s); (v) its general subject matter; (vi) its location; and (vii) the basis of the objection.
7. With regard to any interrogatory which calls for information discoverable in accordance with paragraphs 1 and 2 above, but which defendants deem protected under c. Ill Sec 204 as interpreted in accordance with this Memorandum, defendants shall specify in their response (i) the identity of any individual who has knowledge of the information; (ii) the general subject matter of the information; and (iii) the basis of the objection.
8. The parties shall agree to a confidentiality stipulation and order with regard to confidential records and information which are produced.
9. Counsel shall meet on or before January 26, 1994 to resolve, to the extent possible, their discovery disputes in light of this Memorandum.
10. Further answers to interrogatories and responses to document requests in accordance with this Memorandum shall be served by February 7, 1994. Any further motions to compel shall be served on or before February 21,1994.

 “... provided, however, that in no event shall the identity of any person furnishing information or opinions to the committee be disclosed without the permission of such person."

 “Nor shall the proceedings, reports, findings and records oF a PRC be immune from discovery or use as evidence in a c. 231 Sec. 85N claim against a member of a PRC. (Emphasis supplied.)

 Otherwise, to take an extreme case, one who creates an incident report even before a PRC is formed may, by subsequently submitting the report to the PRC and destroying all copies, confer on that report protection which it otherwise would not have had.

 Excepted from such discovery is “any and all documentary and testimonial discovery of members of [the PRC] as to the period when they were acting as such members' (either in open or executive session and whether or not formally convened) in relation to the [claims of sexual misconduct against Clarke], to the extent that such discovery seeks the identify of persons (whether or not witnesses) furnishing information or opinions to the [PRC] and any opinions formed by the [PRC] or by its members in the course of their official deliberations regarding [such claims]." Birbiglia v. St. Vincent Hospital Inc. & others, Mass.App.Ct. No. 93-J-493, 93-J-494 (Single Justice) (slip op. August 23, 1993). Sec. 204(c), read with (a) and (b), “prohibit[s], absolutely" discovery of such materials, despite the apparently contrary language of Sec. 204(b). Id.